**NOT FOR PUBLICATION**

FILED

JUL 23 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BILLY LEONARDO IE, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER JR., Attorney General, <br><br> Respondent. | No. 11-72453 <br><br> Agency No. A89-697-533 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 8, 2014[**]
Seattle, Washington

Before:    ALARCÓN, TASHIMA, and MURGUIA, Circuit Judges.

Petitioner Billy Leonardo Ie, a native and citizen of China, petitions for

review of the Board of Immigration Appeals' ("BIA") decision affirming the

immigration judge's denial of his application for asylum, withholding of removal,

and protection under the Convention Against Torture ("CAT").  We have

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously finds this case suitable for decision without oral argument.  Fed. R. App. P. 34(a)(2)(C).

jurisdiction under 8 U.S.C. § 1252. Reviewing the BIA's factual findings for substantial evidence, 8 U.S.C. § 1252(b)(4)(B); *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992), we deny the petition.

Substantial evidence supports the BIA's decision that Ie failed to establish past persecution. The incidents to which Ie testified did not rise to the level of persecution. *See Halim v. Holder*, 590 F.3d 971, 975-76 (9th Cir. 2009); *Wakkary v. Holder*, 558 F.3d 1049, 1059 (9th Cir. 2009). Furthermore, Ie failed to demonstrate that the Indonesian government could not or would not have helped him. *See Rahimzadeh v. Holder*, 613 F.3d 916, 920 (9th Cir. 2010). Ie did not demonstrate that Indonesia's "laws or customs effectively deprive[d] [him] of any meaningful recourse to governmental protection." *Id.* at 921. The only time that Ie did seek the police's help – during the 2007 automobile accident – the police prevented the escalation of violence between Ie and private actors.

Substantial evidence also supports the BIA's determination that Ie failed to establish a well-founded fear of future persecution. Although Ie belongs to a disfavored group, he did not demonstrate an individualized risk: Ie's family continues to live in Indonesia without incident, *see Tamang v. Holder*, 598 F.3d 1083, 1094 (9th Cir. 2010), and he did not offer any evidence that distinguishes his experience from that of all other ethnic Chinese Indonesians, *see Halim*, 590 F.3d at 979. The altercation after the 2007 traffic accident and the 2005 fight "could

have happened to any ethnic Chinese Indonesian." *Halim*, 590 F.3d at 979. Because substantial evidence supports the BIA's conclusion that Ie did not demonstrate past persecution or a well-founded fear of future persecution, Ie is ineligible for asylum.

When a petitioner fails to establish eligibility for asylum, which is a less stringent standard than the standard for withholding of removal, his claim for withholding of removal also fails. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Finally, Ie failed to demonstrate his eligibility for protection under CAT because he did not establish that he is likely to be tortured, that such torture would occur at the hands of the Indonesian government, or that, more broadly, torture is ever "used against members of the Chinese Christian minority." *Wakkary*, 558 F.3d at 1068.

The BIA correctly held that Petitioner failed to meet his burden to establish eligibility for asylum, withholding of removal, or protection under CAT.

**Petition for review DENIED.**